**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL SANZARO,

               Plaintiff,

vs.

VALORIE J. VEGA, et al.,

               Defendants.

Case No. 2:12-cv-01980-JCM-PAL

**ORDER AND REPORT OF FINDINGS AND RECOMMENDATION**

(IFP App. - Dkt. #1)

    Plaintiff Michael Sanzaro is proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and submitted a complaint on November 15, 2012. *See* Application to Proceed In Forma Pauperis (Dkt. #1). This proceeding was referred to this court by Local Rule IB 1-9.

**I.**     *In Forma Pauperis* **Application**

    Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**     **Screening the Complaint**

    Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

/ / /

1  deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's complaint attempts to state claims for violation of his constitutional rights under the First, Fifth, Ninth, and Fourteenth Amendments.  To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law.  *See West v. Atkins,* 487 U.S. 42 (1988) (citation omitted).

Here, Plaintiff has named Valorie J. Vega and Philip M. Pro as Defendants.  Vega is a state court judge for the Eighth Judicial District Court in Clark County, Nevada.  Pro is a United States District Judge for the District of Nevada.  Plaintiff filed a lawsuit which was pending before this court as Case No. 2:11-cv-01143-PMP-RJJ.  The complaint alleges that Judge Pro issued an order on November 17, 2011, dismissing Plaintiff's complaint in that case because the claims raised in the complaint were "being fully litigated in the Eighth Judicial Court, State of Nevada.  Disposition of that case will have preclusive effect on the issues before this Court."  Complaint at 3:17-20.  Plaintiff claims this is untrue, and by dismissing Plaintiff's federal case, Plaintiff was deprived of due process.  Furthermore, Judge Pro denied Plaintiff's Motion for Reconsideration on December 27, 2011.  Plaintiff

contends this order was "a false and misplaced understanding" of Plaintiff's motion because his motion was not one for reconsideration; instead, it was a "motion to void the order of November 17, 2011, due to fraud upon the court committed by defendants and their counsel." Complaint at 5:4-7.

Additionally, Plaintiff alleges that Judge Vega entered an order in Case No. A600811 in the Eighth Judicial District Court in Clark County, Nevada, that violated Plaintiff's constitutional rights. That order confirmed an award entered in a non-binding arbitration in which Plaintiff was involved. He contends Judge Vega refused to consider "undisputed evidence" that the arbitrator lacked jurisdiction to rule on certain issues and that Judge Vegas ignored the arbitrator's negligence and fraud in rendering the arbitration award. Plaintiff also alleges he was denied due process of law because Judge Vega "fail[ed] or refus[ed] to hold a hearing or continue the hearing date" on (a) Plaintiff's Motion to Void the Non-Binding Arbitration Award and (b) Plaintiff's Motion for Fraud Upon the Court Committed by Counsel for Defendants. Plaintiff also inconsistently alleges both motions were scheduled to be heard on March 19, 2012, and that two identically-titled, but different motions were scheduled for hearing on June 11, 2012, and they were "considerably different" than the motions scheduled for hearing in March. Complaint at 8:14-15. Plaintiff alleges Judge Vega erred in ruling on all four motions when she should have considered them separately.

Essentially, Plaintiff takes exception to judicial decisions and orders made by Judges Vega and Pro in adjudicating of his prior lawsuits. He claims their erroneous decisions deprived him of due process and other rights. Each of Plaintiff's allegations against Judges Vega and Pro involve actions taken by the judges in their official judicial capacity. As a result, they are absolutely immune from suit. The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *See Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *see also Miller v. Davis,* 521 F.3d 1142m 1145 (9th Cir. 2008); *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (stating "[j]udges . . . are absolutely immune from damage liability for acts performed in their official capacities"). Plaintiff's complaint alleges claims against Judges Pro and Vega related to conduct undertaken in their official judicial capacities. Thus, it fails to state a claim upon which relief can be granted, and it is recommended that these claims be dismissed without leave to amend because amendment would be

3

futile. *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted unless amendment would be futile)).

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #1) is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

2. The Clerk of Court is directed to file the Complaint.

**IT IS RECOMMENDED** that Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief can be granted without leave to amend.

Dated this 10th day of December, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.