1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8

9

10

11

12

13

| MICHAEL SANZARO, | 2:12-CV-1980 JCM (PAL) |
|---|---|
| Plaintiff(s), | |
| v. | |
| VALORIE J. VEGA, et al., | |
| Defendant(s). | |

14

15

### ORDER

16       Presently before the court is the report and recommendation of Magistrate Judge Peggy Leen

17  (doc. # 2) regarding *pro se* plaintiff Michael Sanzaro's complaint (doc. # 3). Plaintiff filed an

18  objection to the report and recommendation (doc. # 4). Plaintiff also filed a motion to transfer. (Doc.

19  # 5). Defendants District Court Judge Valorie J. Vega and U.S. District Judge Philip M. Pro have

20  not responded.

21  **I.      Factual background**

22       Plaintiff brought the instant action attempting to state claims for violations of his

23  constitutional rights under the First, Fifth, Ninth, and Fourteenth Amendments. Plaintiff filed a

24  lawsuit before this court, which is now closed, as case no. 2:11-cv-01143-PMP-RJJ. Plaintiff alleges

25  that Judge Pro issued an order dismissing plaintiff's complaint because the claims raised in the

26  complaint were litigated in Nevada state court. Plaintiff asserts that this is untrue, and that Judge

27  Pro's dismissal of plaintiff's federal case deprived plaintiff of due process.

28

James C. Mahan
U.S. District Judge

1    Plaintiff also alleges that Judge Pro denied plaintiff's motion for reconsideration and that

2  Judge Pro's order was in error because plaintiff's motion was a motion to void the order due to fraud

3  upon the court by defendants and their counsel.

4    Additionally, plaintiff alleges that Judge Vega entered an order in case no. A600811 in

5  Nevada state court confirming an award entered in a non-binding arbitration to which plaintiff was

6  a party. Plaintiff alleges that Judge Vega's order violated plaintiff's constitutional rights because the

7  arbitrator lacked jurisdiction, was negligent, and committed fraud. Plaintiff also alleges that Judge

8  Vega inappropriately heard (or did not hold a hearing) and considered several motions at one time,

9  instead of considering them separately.

10  **II.    Legal standard**

11    A party may file specific written objections to the findings and recommendations of a United

12  States magistrate judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. LCR

13  IB 3–2. Upon the filing of such objections, the district court must make a de novo determination of

14  those portions of the report to which objections are made. *Id.* The district court may accept, reject,

15  or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28

16  U.S.C. § 636(b)(1)©; D. Nev. IB 3–2(b).

17    The district court need not conduct a hearing to satisfy the statutory requirement that the

18  district court make a "de novo determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980)

19  (observing that there is "nothing in the legislative history of the statute to support the contention that

20  the judge is required to rehear the contested testimony in order to carry out the statutory command

21  to make the required 'determination' "). Rather, a hearing is required only when the district court

22  "reject[s] a magistrate judge's credibility findings made after a hearing on a motion to suppress."

23  *United States v. Ridgway*, 300 F.3d 1153, 1154 (9th Cir. 2002).

24  **III.    Discussion**

25    The court limits its analysis to a *de novo* review of the portions of the report to which

26  objections were made. *See* 28 U.S.C. § 636(b)(1)(B). Plaintiff makes one objection, that Magistrate

27  Judge Leen's report is based on her erroneous conclusion that plaintiff's allegations against Judges

28

**James C. Mahan**
**U.S. District Judge**

1   Vega and Pro are subject to absolute judicial immunity.

2          "Judges and those performing judge-like functions are absolutely immune from damage

3   liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th

4   Cir. 1986). Whether a function is "judge-like" turns on several factors, like "(a) the need to assure

5   that the individual can perform his functions without harassment or intimidation; (b) the presence

6   of safeguards that reduce the need for private damages actions as a means of controlling

7   unconstitutional conduct; © insulation from political influence; (d) the importance of precedent; (e)

8   the adversary nature of the process; and (f) the correctability of error on appeal." *Cleavinger v.*

9   *Saxner*, 474 U.S. 193, 202 (1985). Judicial actors lose immunity only where they act outside of their

10  jurisdiction or act outside of their judge-like functions. *Schucker v. Rockwood*, 846 F.2d 1202, 1204

11  (9th Cir. 1988).

12         Plaintiff argues that he included specific allegations that some of the conduct that injured

13  plaintiff was committed by defendants while defendants were acting outside the scope of their

14  apparent authority and without jurisdiction. (Doc. # 4). Plaintiff specifically cites to paragraphs 3,

15  5, 9 and 10, arguing that these paragraphs include sufficient factual matter to put the conduct that

16  he challenges outside the scope protected by judicial immunity. (*Id.*).

17         While the allegations pointed to by plaintiff reference generalities about defendants "acting

18  outside the scope" of their authority, or having "lost subject-matter jurisdiction," or taking actions

19  that "fell outside the boundaries of their job description" plaintiff fails to acknowledge that *the*

20  *conduct* he challenges is judicial acts entitled to absolute immunity.

21         Plaintiff essentially challenges judicial orders and decisions made by Judges Vega and Pro

22  in adjudicating his prior lawsuits. He claims their erroneous decisions deprived him of due process

23  and other rights. However, each of plaintiff's allegations against Judges Vega and Pro involve

24  judicial actions made in their official capacities–that is, performing a judicial function–thus, they are

25  entitled to absolute judicial immunity.

26         To the extent that plaintiff objects because defendants have acted without jurisdiction, none

27  of plaintiff's allegations suggest as much. Plaintiff alleges no facts that defendants engaged in any

28

**James C. Mahan**
**U.S. District Judge**                                        - 3 -

1   nonjudicial action or any action in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502

2   U.S. 9, 11-12 (1991) (per curiam). To the contrary, plaintiff merely complains of decisions issued

3   against him and routine actions during judicial proceedings. There is no plausible contention that

4   Judges Vega and Pro lacked subject matter jurisdiction over plaintiff's cases. Defendants are

5   therefore entitled to absolute judicial immunity.

6       To the extent that plaintiff objects because he is only seeking injunctive and declaratory relief

7   and thus judicial immunity does not protect defendants, plaintiff fails to appreciate the breadth

8   judicial immunity affords. "[I]f a defendant can successfully assert judicial immunity from damages,

9   that immunity will also bar declaratory and injunctive relief." *Mothershed v. Thomson*, CV-04-2266-

10  PHX-JAT, 2006 WL 381679, at *4 (D. Ariz. Feb. 16, 2006) aff'd, 235 F. App'x 682 (9th Cir. 2007);

11  *see, e.g., Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987).

12  Thus, Judges Vega and Pro are immune from suit even though plaintiff is seeking declaratory and

13  injunctive relief.

14  **IV.    Conclusion**

15      Accordingly,

16      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and

17  recommendation of Magistrate Judge Peggy Leen (doc. # 2) regarding *pro se* plaintiff Michael

18  Sanzaro's complaint (doc. # 3) be, and the same hereby is, ADOPTED in its entirety.

19      IT IS FURTHER ORDERED that plaintiff's complaint (doc. 3) be, and the same hereby is,

20  DISMISSED with prejudice.

21      IT IS FURTHER ORDERED that plaintiff's motion to transfer (doc. # 5) be, and the same

22  hereby is, DENIED as moot.[1]

23      DATED February 5, 2013.

24  _____
    **UNITED STATES DISTRICT JUDGE**

25

26

27      [1] Having dismissed plaintiff's complaint, there is nothing for the court to transfer. Even if the court were to consider plaintiff's motion to transfer on the merits, the court does not find any reason to believe that courts in this district would be unable to afford plaintiff fair and impartial consideration.

28

**James C. Mahan**
**U.S. District Judge**

- 4 -