UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL SANZARO,

        Plaintiff(s),

v.

VALORIE J. VEGA, et al.,

        Defendant(s).

2:12-CV-1980 JCM (PAL)

**ORDER**

Presently before the court is *pro se* plaintiff Michael Sanzaro's motion to disqualify (doc. # 12) and motion to reconsider (doc. # 13). Because the court adopted the magistrate judge's report and recommendation dismissing plaintiff's complaint with prejudice, the case is closed and defendants have not responded.

**I.    Motions[1]**

    **A.    Motion to disqualify (doc. # 12)[2]**

The applicable recusal statute, 28 U.S.C. § 455, provides in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

---

[1] Usually the court would first consider the motion for reconsideration provided that the case is closed. However, because of the nature of the motion to disqualify, the court considers this motion first.

[2] The court notes that plaintiff complied with 28 U.S.C. § 144 and submitted an affidavit in support of his motion to disqualify.

**James C. Mahan**
**U.S. District Judge**

1    (b) He shall also disqualify himself in the following circumstances:

2    (1) Where he has a personal bias or prejudice concerning a party, or personal

3    knowledge of disputed evidentiary facts concerning the proceeding . . . .

4    Although a judge must recuse himself from any proceeding in which any of these criteria apply, he or she must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate. *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir.2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal."); *see also United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1200-01 (E.D. Cal. 2010).

Plaintiff's claims do not meet the standard for requiring recusal of a judge. Plaintiff sets forth no specific facts demonstrating that the undersigned has a personal bias in favor of District Court Judge Valorie J. Vega or U.S. District Judge Philip M. Pro. Further, the judge's position as a federal judge in the same district as Judge Pro in insufficient to establish prejudice. *See Snegirev v. Sedwick*, 407 F. Supp. 2d 1093, 1097 (D. Alaska 2006) (judge declining to recuse self even though he was a named defendant with other federal judges where the complaint was wholly frivolous).

The judge's decision to adopt Magistrate Judge Leen's report and recommendation was based solely upon the allegations in the complaint and the defendants' entitlement to absolute immunity, not on extrajudicial considerations. As such, the court does not find recusal necessary. *See Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.1984) (district judge did not abuse discretion in failing to recuse himself, since appellant's bias argument was based entirely on the judge's prior adverse judgment pertaining to appellant); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *see also Benton v. Cory*, 474 F. App'x 622, 623 (9th Cir. 2012) (unpublished).

Further, the obligation not to recuse is perhaps at its highest when the motion has been brought after the party seeking recusal has sustained an adverse ruling in the course of the action, *see Sierra Pac. Indus.*, 759 F. Supp. 2d at 1206, and this court has already dismissed plaintiff's

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  complaint with prejudice. Under the circumstances, the judge does not find recusal warranted and
2  considers the merits of plaintiff's motion for reconsideration.

3        **B.**      **Motion to reconsider (doc. # 13)**

4      Plaintiff's motion for reconsideration is filed pursuant Fed. R. Civ. P. 60(b). In the
5  alternative, plaintiff requests the court to void its order in equity.

6      Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only
7  in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
8  discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6)
9  any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir.
10 2000). *See also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting
11 that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

12     Plaintiff's seeks reconsideration based on mistake, inadvertence, surprise, or excusable
13 neglect and another reason justifying relief from the judgment. The court has reviewed all of
14 plaintiff's reasons that purportedly justify reconsideration of this court's order and does not find that
15 any satisfy the requirements of Rule 60.

16     Even if the court did reconsider plaintiff's claims, judicial immunity is absolute and extends
17 to rulings that conflict with clearly established law. *Snegirev*, 407 F. Supp. 2d at 1097. Plaintiff's
18 claims based on adverse rulings by Judges Pro and Vega have been foreclosed by the United States
19 Supreme Court. *See Mireles v. Waco*, 502 U.S. 9, 11-12, (1991) (finding that judges have absolute
20 judicial immunity for decisions they make and orders they enter in the course of judicial
21 proceedings).Thus, even if the court afforded plaintiff reconsideration of its order, the outcome
22 would be the same. Last, the court declines to void its order in equity.

23 **II.**      **Conclusion**
24     Accordingly,
25     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Michael
26 Sanzaro's motion to disqualify (doc. # 12) be, and the same hereby is, DENIED.
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    IT IS FURTHER ORDERED that plaintiff's motion to reconsider (doc. # 13) be, and the
2 same hereby is, DENIED.
3    This case is closed, the court will not entertain any other motions in this closed case.
4    DATED March 14, 2013.

    _____
    **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -